[No. G026150. Fourth Dist., Div. Three. Apr. 24, 2002.]

HAL KAPLAN et al., Plaintiffs and Appellants, v.
FAIRWAY OAKS HOMEOWNERS ASSOCIATION et al., Defendants
and Respondents.

716

COUNSEL

Deutsch & Associates and Mary Goodhue Deutsch for Plaintiffs and Appellants.

Neuland, Nordberg & Andrews and Frederick T. Whitney for Defendants and Respondents.

## OPINION

**SILLS, P. J.**—Individual members (Homeowners) of Fairway Oaks Homeowners Association (Association) filed an action against the Association challenging the validity of an election of the board of directors. The trial court found the election valid and awarded the Association attorney fees under Civil Code section 1354, subdivision (f), which authorizes an award to the prevailing party in an action to enforce the governing documents of a common interest development. The Homeowners do not appeal the judgment against them, but appeal the attorney fee award. They claim their action was filed under Corporations Code section 7616, which does not authorize an award. We affirm.

### FACTS

In their original complaint, the Homeowners alleged the Association improperly notified its members that three positions for the board of directors were open for election when there were only two. At the election, the board of directors decided to ignore the proxies and count only the votes of those actually present. The Homeowners alleged this action was in violation of the Association's bylaws and the Corporations Code; they attached that portion of the Association's conditions, covenants and restrictions (CC&R's) entitled "Voting Rights" (dealing primarily with one vote per condominium unit). The Association demurred on the grounds that the Homeowners had not attached a certificate stating they had pursued alternative dispute resolution as required by Civil Code section 1354, subdivision (b).

Because the Homeowners had not pursued the required alternative dispute resolution, they filed their first amended complaint "under Corporations Code § 7616 to Determine Validity of Election of Directors" before the demurrer could be heard. The Homeowners realleged the improper notice and improper action by the board of directors and the resulting violation of the Corporations Code, but did not mention a violation of the bylaws. They added, however, the following allegation: "The articles and bylaws for the ASSOCIATION (true and correct copies of which are attached hereto as Exhibits 'A' and 'B', respectively) do not limit the right of the members to vote by proxy—instead, said right is specifically provided for therein."

After prevailing at trial, the Association moved for costs and attorney fees, citing Civil Code section 1354, subdivision (f) and section 15.01 of the

CC&R's. A copy of section 15.01 was attached to the declaration of the Association's counsel in support of the motion. It provides: "Any judgment rendered in any action or proceeding pursuant to this Declaration shall include a sum for attorneys' fees in such amount as the Court may deem reasonable, in favor of the prevailing party . . . ." The trial court awarded the Association $11,000 in attorney fees.

## DISCUSSION

The Homeowners first assert that the action could not be one to enforce the governing documents because the CC&R's never came into evidence at trial. They point out that Civil Code section 1354, subdivision (a) refers only to "the declaration," which is defined as the document which contains the name, legal description and restrictions on the use or enjoyment of the common interest development intended to be enforceable as equitable servitudes. (Civ. Code, § 1351, subd. (h).)

Civil Code section 1354, subdivision (a) provides, "The covenants and restrictions in the declaration shall be enforceable equitable servitudes, unless unreasonable, and shall inure to the benefit of and bind all owners of separate interests in the development. Unless the declaration states otherwise, these servitudes may be enforced by any owner of a separate interest or by the association, or by both." Attorney fees are authorized by Civil Code section 1354, subdivision (f): "In any action specified in subdivision (a) *to enforce the governing documents*, the prevailing party shall be awarded reasonable attorney's fees and costs. . . ." (Italics added.)

Before 1993, Civil Code section 1354 consisted of the language in the current subdivision (a) plus an attorney fee authorization: "In any action *to enforce the declaration*, the prevailing party shall be awarded reasonable attorney's fees and costs." (Italics added.) The 1993 amendments to the section were primarily concerned with the addition of provisions relating to alternative dispute resolution. The legislation rearranged the section into subdivisions, breaking up the original language into subdivisions (a) and (f). The language in subdivision (a) was unchanged; subdivision (f) changed the previous language to substitute "governing documents" for "declaration" and added alternative dispute provisions. Civil Code section 1351, subdivision (j), which was enacted as part of the original legislation in 1985, defines "governing documents" as "the declaration and any other documents, such as bylaws, operating rules of the association, articles of incorporation, or articles of association, which govern the operation of the common interest development or association."

We find the amendment of the attorney fee provision significant. Although subdivision (a) of Civil Code section 1354 refers to enforceable covenants and restrictions in the *declaration*, subdivision (f) refers to actions

to enforce the *governing documents*. ▮ In construing a statute, we look for legislative intent, " 'turn[ing] first to the words themselves for the answer.' [Citation.]" (*Moyer v. Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) "The words used should be given their usual, ordinary meanings and, if possible, each word and phrase should be given significance." (*Committee to Save Beverly Highland Homes Assn. v. Beverly Highland Homes Assn.* (2001) 92 Cal.App.4th 1247, 1265 [112 Cal.Rptr.2d 732]; see also *Moyer,* at p. 230.) ▮ The Legislature obviously intended to broaden the availability of attorney fee awards by authorizing attorney fees in an action to enforce the governing documents rather than just the declaration. And the governing documents include the bylaws. Thus, if this action were one to enforce voting and notice provisions under the bylaws of the Association, an award of attorney fees to the prevailing party under Civil Code section 1354 would be proper.

· The Homeowners claim the sole theory of their first amended complaint was a breach of Corporations Code section 7616,[1] not a breach of the Association's governing documents, and thus Civil Code section 1354 does not apply. While section 7616 provides a procedural vehicle for challenging an election, it does not create any substantive rights. Although authorized by the Corporations Code, members' rights to vote by proxy or to cumulate votes only exist with reference to the bylaws. Proxy rights may be limited or withdrawn by the bylaws. (Corp. Code, § 7613.) Here, the bylaws provide: "Votes may be cast in person or by proxy and all proxies must be in writing. Every proxy shall be revocable and shall automatically cease after completion of the meeting for which the proxy was filed." Members do not have a right to cumulate their votes unless authorized by the bylaws. (Corp. Code, § 7615.) Here, the bylaws provide that "cumulative voting shall be used in the election of Directors for any election in which more than two (2) Directors are to be selected . . . ."

The trial court's comments indicated it considered the bylaws were properly before it as an attachment to the first amended complaint. The Association objected "on the grounds of competency" to the admission of the declaration of a homeowner, Mr. Pruden, which stated he would not have the right of cumulative voting if votes were limited to two rather than three. The trial court stated: "Well, this is something of a technical objection since the bylaws are before me anyway, are they not? Seemed to me they were attached to something and I seem to recall that certain provision. [¶]

---

[1]Corporations Code section 7616 provides that anyone who had the right to vote in the election at issue may petition the superior court to determine the validity of the election or appointment of a director.

[Homeowners' counsel]: They are attached to my complaint, your Honor. [¶] [The Court]: They aren't yet in evidence, but I assume there's not going to be any objection to the bylaws coming in evidence." After the court examined the copy of the bylaws attached to the complaint and determined that it was a complete copy, the Association's counsel stated, "I have no objection to the introduction of the bylaws." The court replied, "Okay. Well, okay, because it seems to me, as I said, the bylaws sort of cover this." Later, in summing up the "housekeeping," the court stated, "Now let's go back over to the case in chief with [the Homeowners' counsel]. We've got the Pruden declaration. Naturally I have your briefs, as you may have defined [*sic*]. I read the bylaws and things like that. Do you wish to put on any live testimony in your case in chief?"

The gist of the action, as revealed by the record, was to enforce the members' proxy and cumulative voting rights under the bylaws. As the Homeowners argued to the court, "The notice indicated to the membership that there were three vacancies on the board . . . up for election. So many of the proxies that were filled out were filled out in a way that used the cumulative voting. This in itself meant that there was no way that you could remedy that issue at the election itself."

Kaplan contends that not all community association cases involving governing documents justify an attorney fee award under Civil Code section 1354, subdivision (f), citing this court's opinion in *Blue Lagoon Community Assn. v. Mitchell* (1997) 55 Cal.App.4th 472 [64 Cal.Rptr.2d 81]. In *Blue Lagoon*, the association brought a petition under Civil Code section 1356, which allows "the superior court to reduce the percentage of affirmative votes necessary to amend a declaration where the property owners' association is unable to obtain approval of the proposed amendments by the percentage of votes required by the declaration." (55 Cal.App.4th at p. 474.) The association proposed amendments that had received approval by a majority of the members but had not received the supermajority vote required by the CC&R's. Members who were opposed to the amendments hired an attorney and filed papers in opposition to the petition, successfully defeating it after a contested hearing. However, the trial court refused the successful members' request for attorney fees under section 1354, subdivision (f).

This court affirmed the denial of attorney fees, finding the purpose of Civil Code section 1356 is to allow the association to eliminate the supermajority vote requirement when, "because of voter apathy or other reasons," diligent efforts to permit members to vote have not been effective in obtaining approval of important amendments through the procedures authorized in the governing documents. We stated, "When the limited purpose of

section 1356 is fully understood it is obvious a petition brought under this section is not an adversarial proceeding. No defendants are named. No rights are sought to be protected. No wrongs are sought to be redressed. As such, it cannot be said that by opposing the petition the objectors were enforcing the governing documents and thus entitled to attorney fees and costs." (*Blue Lagoon Community Assn. v. Mitchell, supra*, 55 Cal.App.4th at p. 477.)

The action here, to determine the validity of an election, is qualitatively different from the petition at issue in *Blue Lagoon*. It was an adversarial action to enforce the governing documents and was designed to protect the members from allegedly improper action by the Association and preserve their rights to cumulative and proxy voting. By broadening the attorney fee provision in Civil Code section 1354, subdivision (f), the Legislature specifically eliminated any distinction between this type of enforcement action and one brought to enforce the placement of a fence or the painting of a garage. Nor can we perceive any reason to make such a distinction. The legislative policy underlying an attorney fee award to a prevailing party, be it homeowner or association, applies equally to both types of enforcement actions.

## DISPOSITION

The judgment is affirmed. Respondent is entitled to costs of appeal.

Rylaarsdam, J., and O'Leary, J., concurred.

On May 21, 2002, the opinion was modified to read as printed above.